GUANGGUO AN, Petitioner,

v.

Loretta E. LYNCH, Attorney General, Respondent.

No. 12–71794.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 23, 2015.*

Filed Nov. 25, 2015.

Maria Christina Flores, Law Office of Maria Flores, San Gabriel, CA, for Petitioner.

OIL, Puneet Cheema, Lindsay Corliss, Matthew Allan Spurlock, Daniel Eric Goldman, Esquire, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KLEINFELD, RAWLINSON, and NGUYEN, Circuit Judges.

## MEMORANDUM **

Petitioner Guangguo An petitions for review of a Board of Immigration Appeals (BIA) decision affirming the Immigration Judge (IJ) in denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

1. An argues that the BIA erred in affirming the IJ's finding that he failed to meet his burden of proof, where the IJ did not make an adverse credibility determination and An offered his testimony and other evidence of his Christian faith and past persecution. As an initial matter, under the REAL ID Act, which An acknowledges applies to his petition, an adverse credibility determination is not a prerequisite for requiring reasonably obtainable corroboration. Shrestha v. Holder, 590 F.3d 1034, 1047 (9th Cir.2010); Aden v. Holder, 589 F.3d 1040, 1044 (9th Cir.2009). Further, substantial evidence supports the conclusion that An's lack of corroboration was fatal to his petition. See Singh v. Holder, 753 F.3d 826, 830 (9th Cir.2014). While An offered some corroboration evidence, he was unable to produce testimony from anyone else at his Los Angeles church—despite the fact that he was granted a continuance of his hearing due to witness unavailability—or documentation to support his claims that he worked as a teacher in China and resigned from that position on religious grounds.[2]

2. An also argues that errors by the interpreter—an inability to translate the Chinese word for "Pontius Pilate" and repeated mistranslations of "Revelation" as "Deuteronomy" during An's testimony—rendered the proceedings fundamentally unfair because they impacted his credibility concerning his belief in and knowledge of Christianity. The BIA expressly disclaimed the relative persuasiveness of An's testimony as the basis for its denial of relief, instead noting that its conclusion was a result of An's inability to adequately corroborate his claims. As such, An has not demonstrated that the interpretation errors prejudiced the outcome of his pro-

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. An did not challenge the IJ's denial of protection under the CAT in his appeal to the BIA.

2. The BIA also correctly noted that a letter from An's father—one piece of corroboration evidence—did not mention An's arrest on April 8, 2007 while he was participating at a Christian gathering, despite the fact that An testified that his father was also present at the gathering.

ceeding. *See Aden*, 589 F.3d at 1047. Even if the BIA had considered An's testimony, it is unlikely that a better translation would have made a difference in the outcome of the hearing because the interpretation issues were relatively minor, particularly in light of other inconsistencies in An's testimony regarding his knowledge of Christianity and his account of his arrest in China. *See Acewicz v. I.N.S.*, 984 F.2d 1056, 1063 (9th Cir.1993); *United States v. Cerda–Pena*, 799 F.2d 1374, 1380 (9th Cir. 1986).

**PETITION DENIED.**

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.